**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

T‍INA B‍ONNEAU,

                                          Plaintiff,                  **R‍ESPONSE**
                                                                             **M‍EMORANDUM OF L‍AW**

        -vs-

                                                                                  11-CV-6273CJS

S‍TATE U‍NIVERSITY OF N‍EW Y‍ORK AT B‍ROCKPORT,

                                          Defendant.

_____

## INTRODUCTION

By Court decision and order dated December 17, 2013 "Defendants' motion to dismiss [. . . was] granted-in part and denied in part. Defendants are granted dismissal of all but the third cause of action alleging retaliation." See Dkt #18 at p. 19. This decision and order has the effect of dismissing all the individual defendants.1 The plaintiff now moves for reconsideration of the Court's dismissal of the Americans with Disabilities Act and Rehabilitation Act claims or leave to amend the complaint.

The State University of New York at Brockport opposes the plaintiff's motion as a matter of law based on plaintiff's failure to raise, in the first instance, legal argument.

## STANDARD

The Court in *Welch v. Mukasey*, 2009 U.S. Dist. LEXIS 130907 (N.D.N.Y May 13, 2009) aptly noted, "The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A court may justifiably reconsider its previous ruling if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995)

---

1 "Neither Title II nor § 504 of the Rehabilitation Act provide for individual capacity suits against state officials."

1

(citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), cert. denied, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).  In addition, "If amendment would be futile-that is, if the amended pleading does not state a cause of action or is otherwise inadequate-then leave to amend can and should be denied. See *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir.2002).

Here, the plaintiff re-hashes conclusory allegations of discrimination without any intervening legitimate predicate.

### ARGUMENT

It should be noted that it was the Plaintiff's responsibility to put the issue of whether she stated a *prima facie* case pursuant to either the ADA or Rehabilitation Act before the Court in the first instance.  Information of the ADA amendment of 2008 has been publicly known for years.  Had she exercised due diligence, she would have found this information.  Notwithstanding this oversight, the plaintiff should not be permitted to relitigate an issue already decided because no unlawful act occurred.

As previously argued, the Second Circuit Court of Appeals dismissed similar claims pursuant to ADA Title II and Rehabilitation Act by a college student against a private college in *Tylicki v. St. Onge*, 297 Fed.Appx. 65, 66-67, 2008 WL 4726328, 1 (C.A.2 (N.Y. (C.A.2 (N.Y.),2008).  The Court stated:

> Claims under Title II of the ADA and section 504 of the Rehabilitation Act are treated identically. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir.2003). To establish a prima facie violation of the ADA and the Rehabilitation Act, a plaintiff must demonstrate (1) that he is a qualified individual with a disability; (2) that the defendants are subject to the ADA or the Rehabilitation Act; and (3) that he was denied the opportunity to participate*67 in or benefit from the defendants' services, programs, or activities, or was otherwise discriminated against by the defendants because of his disabilities. *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 85 (2d Cir.2004). Discrimination includes the failure to make a reasonable accommodation.

---

*Andino v. Fischer*, 2009 U.S. Dist. LEXIS 126042 (S.D.N.Y. Dec. 18, 2009).

*Henrietta D.*, 331 F.3d at 273. An individual is considered disabled in this context if he has a physical or mental impairment that substantially limits one or more major life activities. See 42 U.S.C. § 12102(2); 29 U.S.C. § 705(20)(B).

[2] Tylicki's complaint contains no allegations describing how his supposed mental condition substantially limits a major life activity. See *Weixel v. Bd. of Educ.*, 287 F.3d 138, 147 (2d Cir.2002) (plaintiff must identify the life activity he claims is impaired). But even if Tylicki had adequately pled a disability, he has failed to allege that he was denied access to CCC's programs, for though he was suspended from the school, he had originally been admitted and had attended classes, and his complaint does not allege that he attempted to re-enroll but was denied admission due to his disability. Furthermore, Tylicki's requested accommodation-a manifestation hearing as contemplated by the IDEA-is not reasonable, given that the IDEA does not apply to Tylicki and neither the ADA nor the Rehabilitation Act require such a procedure. In other words, the ADA and the Rehabilitation Act permit CCC to discipline a student even if the student's misconduct is the result of disability. *Cf. Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 172 (2d Cir.2006) (ADA does not "require that employers countenance dangerous misconduct, even if that misconduct is the result of a disability"). It follows that postponement of the disciplinary hearing to enable Tylicki to gather evidence of his alleged disability is not a reasonable accommodation, since CCC was entitled to suspend Tylicki even if his conduct was a manifestation of his alleged disability.

"Plaintiff [ ] had the opportunity to be heard, but elected not to participate in the process because of an undefined disability that she claims prevented her from appearing at the on-campus hearing.  Her complaint states that she 'did not feel safe to return to school or to have a meeting *without knowing what was behind the referral*.'" Compl. ¶ 50 (emphasis added). *Bonneau v. State Univ.*, 2013 U.S. Dist. LEXIS 176390, 24-25 (W.D.N.Y. Dec. 16, 2013).  Even assuming that the plaintiff had a qualifying disability, such as post-traumatic stress disorder2, a referral to the Student Behavioral Consultant Team was reasonably based on alleged "behavior"—not her mental condition. *See* Proposed Amended Complaint at paragraph 46 (Plaintiff's alleged attempt to resolve the issues being raised concerning her "behavior and get back to her class work" and deflecting blame onto Logsdon).  A referral to the Student Behavioral Consultant Team does not constitute an adverse action. *Cf. Forgione v. City of New*

---

2 "… [P]ost-traumatic stress disorder, obsessive compulsive disorder, and schizophrenia substantially limit brain

*York*, 2012 U.S. Dist. LEXIS 130960 (E.D.N.Y. Sept. 13, 2012) (Two referrals for psychological evaluation do not amount to adverse action under the ADA).

## CONCLUSION

Based on the foregoing, the plaintiff's motion for reconsideration should be denied as a matter of law.

Dated: February 4, 2014
      Rochester, New York

                                    ERIC T. SCHNEIDERMAN
                                    Attorney General of the State of New York
                                      *Attorney for Defendant SUNY at Brockport College*


                                      /s/ J. Richard Benitez
                                    J. RICHARD BENITEZ
                                    Assistant Attorney General, of Counsel
                                    NYS Office of the Attorney General
                                    144 Exchange Boulevard, Suite 200
                                    Rochester, New York 14614
                                    Telephone:  (585) 546-7430
                                    Richard.benitez@ag.ny.gov

---

function. 29 CFR 1630.2(j)(3)(iii) (This section is current through the January 30, 2014).

CERTIFICATE OF SERVICE

I certify that on February 4, 2014, I electronically filed the foregoing Response Memorandum of Law, with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. Aaron David Frishberg lawyeradf@aol.com, frishberga@aol.com

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1. N/A

                ERIC T. SCHNEIDERMAN
                Attorney General of the State of New York
                  *Attorney for Defendants SUNY at Brockport College*

By:

                /s/ J. Richard Benitez
                J. RICHARD BENITEZ
                Assistant Attorney General
                NYS Office of the Attorney General
                144 Exchange Boulevard, Suite 200
                Rochester, New York 14614
                Telephone:  (585) 546-7430
                richard.benitez@ag.ny.gov